GEOFFREY V. WHITE (SBN. 068012)
LAW OFFICE OF GEOFFREY V. WHITE
351 California St., Suite 1500
San Francisco, California 94104
Telephone: (415) 362-5658
Facsimile: (415) 362-4115
Email: gvwhite@sprynet.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARJORIE CHERRY,<br><br>    Plaintiff,<br><br>v.<br><br>DIGITAL EQUIPMENT CORP.<br>LONG-TERM DISABILITY PLAN,<br><br>    Defendant. | Case No.<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR DISABILITY BENEFITS UNDER ERISA WELFARE PLAN |

Plaintiff, MARJORIE CHERRY, complains of Defendant, and each of them, and alleges as follows:

## JURISDICTION

1. This is an action by a participant in an employee welfare benefit plan against the Plan and its named fiduciaries, for injunctive relief and damages to enforce her rights under the Plan to receive long-term disability income benefits, after Prudential Insurance Co. ("Prudential") falsely and in bad faith asserted Plaintiff was no longer disabled, then failed and refused to timely decide Plaintiff's claim appeal. Jurisdiction is conferred on this Court by Sections 502(e) and (f), 502(a)(1)(A) and (B), and 502(a)(2) and (3) of ERISA, 29 U.S.C. §§1132(e) and (f), 1132 (a)(1)(A) and (B), and 1132(a)(2) and (3), and by 29 U.S.C. §1331(a) and 28 U.S.C. §2201.

## VENUE

2. The Defendant Digital Equipment Corp. Long-Term Disability Plan ("Plan") is administered within this District and the benefit denial took place within this District. Venue is thus proper pursuant to §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## PLAINTIFF

3. Plaintiff Marjorie Cherry ("Cherry") is a natural person, and a resident of Grass Valley, California. At all times material, she was an employee or former employee of Digital Equipment Corporation ("DEC") and a participant in the Defendant Plan, within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1102(7).

## DEFENDANTS

4. Defendant Plan was and is an employee welfare benefit plan, within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1). Plaintiff is informed and believes, and thereon alleges that at all material times the Plan was fully insured for payment of benefits through premiums paid to Prudential Insurance Co. pursuant to that certain Group Policy No. GD-19100. Prudential is, on information and belief, the party designated by the Plan and the above Policy to make determinations of disability and benefit payments under the Plan. Defendant Prudential is therefore a Plan "administrator", "fiduciary" and "party-in-interest", within the meaning of sections 3(14), (16) and (21) of ERISA, 29 U.S.C. §§1002(14), (16) and (21).

## FACTS

5. Plaintiff Marjorie Cherry was employed by DEC from approximately 1982 until approximately September, 1991, when she was required to leave work owing to her disability from stroke and AVM surgery. During the latter part of Plaintiff's employment for DEC, she worked as a database systems analyst and programmer.

6. In 1986, Plaintiff suffered a stroke and underwent a craniotomy to remove an arteriovenous malformation (AVM) in her cerebellum. Post-surgery, she was able to return to work for approximately 5 years, but then began to experience renewed symptoms of excruciating headache, dizziness, vertigo and confusion in mid-1991. Despite treatment for stroke and pain management, Plaintiff's symptoms worsened and she was compelled to leave work in September,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

- 2 -

1991. Throughout the period September 1991 to the present, Plaintiff has been continuously disabled from her own job and any other reasonable occupation. Plaintiff has been receiving Social Security Disability benefits since March, 1992.

7. Prudential initially determined Plaintiff was disabled from her own occupation and paid benefits for 24 months, then investigated further and agreed Plaintiff was disabled from performing the duties of any reasonable occupation. Upon each annual review, Prudential continued to pay benefits because Plaintiff's treating physicians agreed Plaintiff was disabled and her condition irreversible.

8. Then, in 2004, Prudential devised a new stratagem to terminate Plaintiff's benefits, by videotaping her at a dog show for about 2 hours. Without any medical examination, or even an interview of Plaintiff, Prudential determined she was no longer disabled and cut off her benefits. Plaintiff timely appealed, with substantial medical and other evidence supporting her continued disability from any occupation. Prudential has failed and refused to respond to Plaintiff's appeal.

## FIRST CLAIM
[Claim for Disability Benefits]

9. Plaintiff incorporates by reference and realleges the allegations contained in Paragraphs 1 through 8 above.

10. Defendants, and each of them, have failed to comply with their duties under ERISA, and applicable Plan documents to afford Plaintiff a timely, full and fair review and determination of her claim for continued long-term disability benefits. Defendants have ignored Plaintiff's evidence supporting her continued disability. Prudential's denial of benefits and failure to respond to Plaintiff's appeal was biased and tainted by pecuniary conflict of interest, since it would be required to pay the claim if granted. Accordingly, this Court may not defer to Defendants' decision, and exercises *de novo* review.

11. By their failure and refusal to pay Plaintiff's long-term disability benefits, Defendants, and each of them, violated the terms of the Plan and Policy, and Plaintiff's rights to such benefits pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

## SECOND CLAIM
[Breach of Fiduciary Duty]

12. Plaintiff incorporates by reference and realleges the allegations contained in Paragraphs 1 through 11, above.

13. As the alleged Plan fiduciary responsible for determining claims for benefits, Prudential was required, pursuant to Part 4 of Title I of ERISA, to discharge its duties with respect to benefit claims prudently, for the exclusive benefit of Plan participants and beneficiaries, and in accordance with the specific fiduciary obligations imposed therein and under the Plan documents.

14. In its decision to terminate Plaintiff's LTD benefits, and its refusal to timely respond to her appeals, Prudential acted arbitrarily and capriciously, in willful disregard of the terms of the Plan provisions and the medical evidence submitted. At all material times, Prudential acted herein only in its own financial interest in denying Plaintiff's claim and refusing to timely respond to her appeal. Accordingly, Prudential has breached its fiduciary obligations under ERISA and the Plan.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them as follows:

1. <u>On the First Claim</u>: For an Order declaring that Plaintiff is entitled to disability income benefits through the date of Judgment herein, and directing Defendants to pay to Plaintiff the long-term disability benefits to which she is entitled under the terms of the Plan, together with pre-judgment interest from the date such benefits should have been paid.

2. <u>On the Second Claim</u>: For an Order removing Prudential as Plan fiduciary and barring it from any further responsibility for claims determinations under the Plan.

////////
////////
////////
////////
////////

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

-4-

| | | |
|---|---|---|
| 1 | 3. | <u>On all Claims</u>: |
| 2 | | a. For costs of suit herein, including reasonable attorneys' fees; and |
| 3 | | b. For such other and further relief as the Court deems just and proper. |

DATED: October 27, 2005                    LAW OFFICE OF GEOFFREY V. WHITE


By _____
Geoffrey V. White
Attorneys for Plaintiff